KRISTIE L. SHILLCOX,

        Plaintiff,

            Case No. 19-cv-1708-pp

v.

KILOLO KIJAKAZI,

        Defendant.

**ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. §406(B) (DKT. NO. 31)**

On July 27, 2020, the court granted the parties' stipulated motion for remand, reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. §405(g). Dkt. No. 23. Three months later, the parties filed a stipulated motion for attorney fees under the Equal Access to Justice Act in the amount of $3,873, dkt. no. 29, which the court approved on October 27, 2020, dkt. no. 30. The plaintiff recently filed an unopposed motion for attorney fees under 42 U.S.C. §406(b), asking that a total fee of $8,855.75 be paid to Attorney Donald J. Chewing with the previous EAJA award refunded to the plaintiff. Id. at 2. The court will grant the unopposed motion and award the additional fees.

**I.**     **Legal Standard**

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees under 42 U.S.C. §406. "'Section 406(a) governs fees

for representation in administrative proceedings before the Social Security Administration; § 406(b) controls fees for representation in federal court.'" Kopulos v. Barnhart, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)). The statute provides for a reasonable fee not to exceed 25% of the past-due benefits awarded to the claimant. Id. at 661. Such fees are deducted from the claimant's benefits and do not constitute an award against the government. Id.

A motion for fees under §406(b) requires court approval. Congress did not intend such review to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure the arrangement yielded a reasonable result. Gisbrecht, 535 U.S. at 807. Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. In making its determination, the court may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible for delay in the proceedings that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time the counsel spent on the case that the fee would constitute a windfall for the attorney. Id. at 808.

II. **Analysis**

The plaintiff signed a contract with her attorney on November 21, 2019, agreeing to a 25% total fee for representation before the agency and the court. Dkt. No. 31-3. The second sentence of the fee contract stated:

2

> I agree that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event my case is won.

Id. at 1.

Because the award is paid out of past due benefits rather than agency funds, the government will not stipulate to the fees. However, the plaintiff represents that the government does not oppose the motion. Dkt. No. 31 at 4. The record establishes that the plaintiff prevailed, the requested fee is reasonable for the services rendered, the plaintiff agreed to pay 25% of whatever past-due benefits were awarded to her, and Attorney Chewing says that he will account for the EAJA offset by refunding $3,873 to the plaintiff from the amount awarded in this order. Id. For these reasons, the court will grant the motion for §406(b) attorney's fees.

### III. Conclusion

The court **GRANTS** the plaintiff's unopposed motion for attorney's fees under 42 U.S.C. §406(b). The defendant shall pay $8,855.75 in attorney fees to Attorney Donald J. Chewning from the funds withheld by the Social Security Administration from plaintiff's past due benefits. Upon receipt of the fees, Attorney Chewning shall refund to the plaintiff the $3,873.00 fee previously awarded to him under the Equal Access to Justice Act.

Dated in Milwaukee, Wisconsin this 4th day of October, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**

3